IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 03-cv-02344-RPM

TRACY (CARTER) DEFRANCESCO, as personal representative of the Estate of Clement J. DeFrancesco, Jr.,

    Plaintiff,

v.

UNUM LIFE INSURANCE CO. OF AMERICA,

    Defendant.

---

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

---

    The plaintiff Clement J. DeFrancesco, Jr. ("Mr. DeFrancesco")[1] seeks recovery of long term disability benefits under Group Long Term Disability Insurance Policy No. 342493 ("Policy") issued by defendant UNUM Life Insurance Company of America ("UNUM") with Mr. DeFrancesco as an insured. The parties filed cross motions for summary judgment on the issue of whether UNUM is entitled to reduce benefits otherwise payable under the Policy by the amount of Social Security Disability Income ("SSDI") benefits awarded to Mr. DeFrancesco because the SSDI benefits were received "as a result of the same disability" for which UNUM paid benefits.

    During the hearing held on October 12, 2005, the plaintiff conceded that Mr. DeFrancesco has no claim under 29 U.S.C. § 1132(c)(1) and UNUM stated that it is not seeking reimbursement for any amounts which, because of the award of SSDI benefits, it claims was overpaid to Mr.

---

[1] Mr. DeFrancesco died during the pendency of this action and the personal representative of his estate, Tracy DeFrancesco, was substituted as the plaintiff.

DeFrancesco. Based on the hearing and the briefs and other papers filed by the parties, there is evidentiary support for the following statement of facts.

Mr. DeFrancesco was a brewer for Anheuser-Busch Companies, Inc. in its Fort Collins, Colorado brewery. Fort Collins Brewery Workers, a labor union, sponsored a long term disability benefit plan where the benefits were insured under and the terms are contained in the Policy in which Mr. DeFrancesco was an insured. The Policy is governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq*.

Mr. DeFrancesco stopped working for Anheuser-Busch on February 4, 1999. He applied for SSDI benefits on September 2, 1999, but his claim was denied by letter dated December 13, 1999 because the Social Security Administration ("SSA") found that he was not disabled because his claimed conditions, although supported by medical evidence, did not totally prevent him from working. Mr. DeFrancesco sought reconsideration of that decision.

Mr. DeFrancesco thereafter requested benefits under the Policy by submitting a Long Term Disability Claim Employee's Statement dated January 3, 2000, which stated that he had a disabling condition due to neck and back pain. He requested benefits to begin February 5, 1999, supported by a Physician's Statement which stated that Mr. DeFrancesco was first unable to work on February 4, 1999, due to neck and upper back pain. An UNUM document dated January 26, 2000, listed Mr. DeFrancesco's diagnosis as "cervical degenerative disc disease" with a date of disability of February 5, 1999.

At the time Mr. DeFrancesco filed his claim, the terms of the Policy stated, in relevant part:

> When the Company receives proof that an insured is disabled due to sickness or injury and requires the regular attendance of a physician, the Company will pay the insured a monthly benefit after the end of the elimination period. . . .

The Definitions section of the Policy stated as follows:

> "Disability" and "disabled" mean that because of injury or sickness:
>
> 1. the insured cannot perform each of the material duties of his regular occupation; and
>
> 2. after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience.

Under the Policy, an insured's "monthly benefit" is reduced by "other income benefits," which is defined to include disability benefits received by the insured "under the United States Social Security Act" but they "must be payable as a result of the same disability for which this policy pays a benefit."

In a letter dated March 8, 2000, UNUM approved Mr. DeFrancesco's request for disability benefits effective February 5, 1999, and advised that "[i]f you are awarded SSDI benefits, your UNUM benefit will be reduced by the amount of your monthly SSDI benefit."

In October 2000, Mr. DeFrancesco had a heart attack followed by surgery. On November 27, 2000, the SSA in its Notice of Reconsideration found its December 13, 1999 denial of benefits proper. The Notice stated that "disability [was] claimed because of back, neck, knee, heart and mental problems," and that while Mr. DeFrancesco's overall condition prevented him from doing the type of work he did before, he could do other work. Mr. DeFrancesco requested a hearing on his application.

In January 2001, UNUM requested updated information on Mr. DeFrancesco's disability. An Insured's Supplemental Statement stated that his activities were limited due to his recent heart attack and bypass surgeries and an attending physician statement dated January 16, 2001, stated that Mr. DeFrancesco's diagnosis included depression and bypass surgery. On February 21, 2001, UNUM prepared a Medical Review/Walk-In report on Mr. DeFrancesco's conditions, and concluded that Mr. DeFrancesco's restrictions and limitations may be due more to his cardiac condition than his orthopedic condition. Another Medical Review/Walk-In report was prepared in July 2001, and again noted Mr. DeFrancesco's many conditions.

The Policy was amended with a stated effective date of October 1, 2001, with the following relevant provisions:

> You are disabled when Unum determines that:
>
> - you are **limited** from performing the **material** and **substantial duties** of your **regular occupation** due to your **sickness** or **injury**. . . .
>
> After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

(Bold in original.) The amended Policy also provides that any "deductible sources of income," which includes the amount the insured receives or is entitled to receive as disability payments "because of [his] disability under: - the United States Social Security Act," is to be subtracted from the monthly disability payments. That Policy also gives UNUM discretionary authority to determine eligibility for benefits and to interpret its terms and provisions, and provided increased monthly benefits from 50% to 60% of monthly earnings. Under both Policies, proof of continued disability may be required.

Mr. DeFrancesco and UNUM's decision makers continued to use the original Policy in handling Mr. DeFrancesco's claim and a copy of the amended Policy was not provided to Mr. DeFrancesco until December 2004, after this lawsuit was filed.

In a Decision dated January 17, 2002, the SSA decided that Mr. DeFrancesco was "disabled" as of March 4, 1999,[2] and entitled to SSDI benefits. In concluding that Mr. DeFrancesco was "disabled" within the meaning of the Social Security Act, among other things, the Administration Law Judge ("ALJ") evaluated whether Mr. DeFrancesco had "severe" impairments and concluded that while he has the following impairments that are considered "severe" they were not attended with the signs and findings required to meet or equal the requirements set forth in the Listing of Impairments (Appendix I to Subpart P, 20 CFR Part 404): "degenerative disc disease involving the lumbar spine and is status/post multiple back surgeries; cervical spondylosis; is status/post bilateral carpal tunnel surgery, right knee replacement surgery and a colectomy/ileoectomy; cardiomyopathy and congestive heart failure and is status/post coronary bypass surgery; is status/post a right upper extremity injury; depression; an obsessive-compulsive disorder; and history of substance abuse (in remission)."

The ALJ also assessed Mr. DeFrancesco's mental and physical residual functional capacity, and stated the record reflects he has multiple physical and mental disorders which significantly compromise his ability to sustain competitive employment, that his "mental and physical impairments, in combination, greatly [a]ffect his overall functioning." The ALJ found that Mr. DeFrancesco could not perform his past relevant work and found there were not a

---

[2]The Decision states that Mr. DeFrancesco "alleges disability beginning on March 4, 1999, because of multiple mental and physical impairments." (Decision, p. 1.)

significant number of jobs in the regional/national economy that he could perform.

After receiving a copy of this Decision, on June 12, 2002, UNUM sent Mr. DeFrancesco a letter which requested reimbursement of $44,986.52, the amount of benefits UNUM claimed was overpaid due to his award of social security benefits, and lowered his monthly benefit amount. As stated above, UNUM is no longer claiming any reimbursement.

Mr. DeFrancesco challenged this action, stating through his attorney in a letter dated July 18, 2002, that UNUM was paying disability benefits to Mr. DeFrancesco on the basis of a disability related to neck and back injuries and associated pain while the SSA award of benefits was "most significantly" related to his congestive heart failure and cardiomyopathy.

In October and December 2002, UNUM representatives conferred with each other as to what condition supported Mr. DeFrancesco's claim for benefits. The record shows they concluded that, initially, his claim was supported by his degenerative disc disease but subsequently more by his heart related condition that developed after he went on disability.

In a letter dated February 12, 2003, UNUM stated, in relevant part:

Per our review, upon Mr. DeFrancesco's application for Long Term Disability, Mr. DeFrancesco's Attending Physician Statement indicates impairments of cervical degenerative disc disease with spondyulosis and complaints of neck and upper back pain. After complete and thorough review of Mr. DeFrancesco's medical records and his restrictions and limitations, Mr. DeFrancesco's Long Term Disability claim was subsequently approved on March 8, 2000.

Upon review of the Social Security Decision dated January 2002, the Decision clearly states,

"The claimant's impairments which are considered to be "severe" under the Social Security Act are: degenerative disc disease involving the lumbar and is status/post multiple back surgeries; cervical spondyulosis . . . ". The Decision does outline other disabling factors, however, as indicated in the Decision, Mr. DeFrancesco was awarded Social Security Benefits due to a shared disabling condition for

6

which UNUM benefits are payable.

(Ellipses and omissions in original.)

Mr. DeFrancesco appealed UNUM's decision by letter dated May 12, 2003, and in a letter dated July 18, 2003, UNUM responded that its offset was appropriate. This lawsuit followed.

The parties disagree over which version of the Policy controls, the original or the amended Policy with an effective date of October 1, 2001. Although the decision makers were unaware of the amended Policy, that was the Policy in effect during the relevant time period and controls the determination of the merits of this case. As the Policy grants UNUM discretion in administering the Policy, its decisions will be upheld unless they are arbitrary and capricious. UNUM conceded at the hearing that if the amended Policy applies, it would recalculate any monthly disability benefits owed to Mr. DeFrancesco under the higher percentage of monthly earnings payable provided for under that Policy.

The record shows, and UNUM does not dispute, that UNUM initially approved Mr. DeFrancesco's request for disability benefits based on his orthopedic conditions. The record also shows that UNUM continued to review Mr. DeFrancesco's conditions, noted that he had multiple conditions, and concluded that his restrictions and limitations may be due more to his cardiac condition than to his orthopedic condition. The record supports UNUM's position that the SSDI Decision was based on the combination of Mr. DeFrancesco's multiple conditions, including those on which UNUM had previously determined disability, namely Mr. DeFrancesco's orthopedic and cardiac conditions, and for which it paid benefits. It is therefore

ORDERED that defendant UNUM Life Insurance Co. of America's motion for summary judgment is granted and plaintiff Tracy (Carter) DeFrancesco's, as personal representative of the

Estate of Clement J. DeFrancesco, Jr., motion for summary judgment is denied. It is

FURTHER ORDERED that defendant UNUM shall recalculate the amount of monthly benefits owed to Mr. DeFrancesco, offset by the award of Social Security Disability Benefits, under the terms of the amended Policy with an effective date of October 1, 2001, and the difference between this recalculated amount and the amount already paid to Mr. DeFrancesco shall be paid to his Estate. It is

FURTHER ORDERED that the clerk shall enter judgment accordingly, dismissing the complaint, awarding costs to the defendant, and directing payment of past benefits in accordance with the amended Policy.

DATED: October 18th, 2005.

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge